**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ARTHUR CAFASSO,
      Plaintiff,
      v.
ROBERT NAPPE,
      Defendant.

No. 3:15-cv-00920 (MPS)

**RULING AND ORDER**

Arthur Cafasso sued police officer Robert Nappe under 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth Amendment. Nappe now moves to dismiss. (ECF No. 19.) For the reasons discussed below, I deny the motion.

**I.      Standard**

In evaluating whether a plaintiff has stated a claim for relief under Rule 12(b)(6), I must "accept as true all factual allegations in the complaint and draw all reasonable inferences" in plaintiff's favor. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). I need not accept conclusory allegations and may allow the case to proceed only if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554–55).

**II.     Factual Allegations**

The plaintiff makes the following allegations in his Amended Complaint. (ECF No. 17).

**A.      The Plaintiff Is Prosecuted for Assault After Hitting a Woman and a Dog**

During the summer and fall of 2014, Cafasso lived in the Town of East Haven, Connecticut, where Nappe was a police officer. (*Id.* at ¶¶ 3–4.) Nappe arrested Cafasso on June 10, 2014 after a report that the plaintiff punched a woman in the face and kicked her dog, although Cafasso denied hitting either one. (*Id.* at ¶ 5.) The woman said that Cafasso hurt her dog, which subsequently died, but at the time Nappe did not see any injury to the animal. (*Id.* at

¶¶ 6, 8.) That same day, Nappe issued a summons requiring Cafasso to appear in Connecticut Superior Court on June 18, 2014 for the crime of assaulting an elderly person in violation of Conn. Gen. Stat. § 53a-61a. (*Id.* at ¶ 7.) On June 14, 2014, four days before Cafasso was to appear in court, Nappe learned of the dog's death and began to investigate whether Cafasso's kick killed it. (*Id.* at ¶ 8.) Nappe told the prosecutor of Cafasso's criminal case about the dead dog and his investigation. (*Id.*)

**B.      The Defendant Learns that the Plaintiff Pleaded Guilty on the Condition that He Not Be Prosecuted for Animal Cruelty Charges**

The prosecuting attorney and Cafasso's criminal defense lawyer discussed the allegations of animal cruelty and negotiated a plea deal in which they "agreed that if the plaintiff pleaded to a lesser charge than assault, the state would not pursue either the assault charges or any potential animal cruelty charges." (*Id.* at ¶ 9.) "A term and condition of the plea was that it discharged the plaintiff from all criminal liability for his alleged conduct on June 10, 2014." (*Id.* at ¶ 12.)

The case attracted media attention and protests at the court because Cafasso allegedly hurt a dog. (*Id.* at ¶ 10.) Nappe knew about the media attention, protests, and "the proposed disposition of the criminal case . . . ." (*Id.*) The plaintiff received a conditional discharge for his guilty plea to one count of breach of the peace in the second degree in violation of Conn. Gen. Stat. § 53a-181 on August 4, 2014. (*Id.* at ¶ 11.)

**C.      The Defendant Procures a Criminal Proceeding Against the Plaintiff for Animal Cruelty Charges**

In late October 2014, Nappe, overcome with "disgust and anger at the plaintiff because the plaintiff had been accused" of hurting a dog, sought a warrant to arrest the plaintiff for animal cruelty in violation of Conn. Gen. Stat. §53-247(b). (*Id.* at ¶¶ 13, 20, 22.) To do so, Nappe "deliberately avoided disclosing the warrant to the State's Attorney who initially handled the prosecution." (*Id.* at ¶ 13.) He grounded his warrant application on the "basic facts" of the

June 10, 2014 incident and a veterinarian's opinion that she could not "conclusively relate" the dog's injuries to the alleged assault, but made no mention that the plaintiff's criminal case involving the incident described in the application had ended in a conditional discharge. (*Id.* at ¶¶ 15–16.) Had Nappe told the reviewing magistrate about the disposition of the first case, the magistrate would not have signed the warrant. (*Id.* at ¶ 19.)

After the plaintiff's arrest for cruelty to animals, he appeared in court for a crime he did not commit, missed work, hired a lawyer, suffered the loss of his Fourth Amendment rights, and endured "the public shame and humiliation of being held out to the world at large as a man who abuses pets." (*Id.* at ¶ 21, 23.)

Finally, the State agreed to dismiss the charge once the State was presented with the plea agreement in the assault case. (*Id.* at ¶ 18.) The Connecticut Superior Court dismissed the charges on December 18, 2014, for which the "plaintiff gave no consideration . . . ." (*Id.* at ¶ 21.)

## III.   Discussion

The plaintiff's single claim is that Nappe's actions constitute malicious prosecution under the Fourth Amendment. (*Id.* at ¶ 1.) "[T]o prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (internal citations and quotations omitted).

### A.   Malicious Prosecution Under Connecticut Law

The elements of a malicious prosecution claim under Connecticut law are:

> (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.

*Bhatia v. Debek*, 287 Conn. 397, 404 (2008) (quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982)). In his motion to dismiss, the defendant contests only the third element, whether Nappe acted without probable cause when he sought an arrest warrant for Cafasso for killing the dog. (ECF No. 12 at 6.)

> Under the Connecticut law of malicious prosecution, probable cause is:
>
> the knowledge of facts sufficient to justify a reasonable person in the belief that he has reasonable grounds for prosecuting an action. Mere conjecture or suspicion is insufficient. Moreover, belief alone, no matter how sincere it may be, is not enough, since it must be based on circumstances which make it reasonable.

*Bhatia*, 287 Conn. at 410. "Although want of probable cause is negative in character, the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding." *Id.* at 410–11.

**B.     Analysis**

Drawing all reasonable inferences in Cafasso's favor, *Cruz*, 202 F.3d at 596, I find that he has plausibly alleged that Nappe did not act with "the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action" for animal cruelty arising from the June 10, 2014 incident because Nappe "was aware . . . of the proposed disposition of the criminal case against the plaintiff," including the promise in the plea agreement "that . . . the state would not pursue . . . any potential animal cruelty charges." *McHale*, 187 Conn. at 450; (ECF No. 17 at ¶¶ 9–10).

The cases cited by the defendant are inapposite. For example, *Velardi v. Walsh*, an appeal from summary judgment on qualified immunity, described the standard for challenging a warrant when officers deliberately or recklessly mislead a magistrate into issuing a search warrant, but the case does not provide the standard for probable cause under Connecticut common law for the tort of malicious prosecution. *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994). *Weyant v. Okst*

was an appeal from summary judgment on, among other things, the proper standard for false

arrest under New York law, but not the Connecticut common law standard of probable cause for

malicious prosecution. *Weyant v. Okst*, 101 F.3d 845, 848, 852 (2d Cir. 1996). Finally, *Curley v.*

*Village of Suffern* was an appeal from summary judgment for a claim of false arrest involving

federal and New York law, not Connecticut's probable cause standard for malicious prosecution.

*Curley v. Vill. of Suffern*, 268 F.3d 65, 69–70 (2d Cir. 2001).

The defendant argues that the Amended Complaint should be dismissed on the ground

that it is not plausible that omitting from the warrant application the State's agreement not to

prosecute the plaintiff for any further crimes arising out of the June 10, 2014 incident "was

material to a finding of probable cause for the completely separate and distinct charge of Cruelty

to Animals." (ECF No. 12 at 7.) That is simply incorrect, or, at the very least applies a different

standard for probable cause than the standard for the Connecticut tort of malicious prosecution.

Under Connecticut's standard, the defendant could not have had "reasonable grounds for

prosecuting," *Bhatia*, 287 Conn. at 410, the animal cruelty charges if he knew that "the plaintiff

pleaded to a lesser charge than assault" in exchange for the State's agreement not to "pursue

either the assault charges or any potential animal cruelty charges" (ECF No. 17 at ¶¶ 9–10).

Because a prosecuting authority is bound by the promises it makes in a plea agreement, *see*

*Orcutt v. Comm'r of Correction*, 284 Conn. 724, 728 n.1 (2007) ("[W]hen a plea rests in any

significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part

of the inducement or consideration, such promise must be fulfilled." (internal citations omitted)),

a police officer does not have probable cause to arrest an individual for past conduct that the

officer knows a prosecutor has promised not to pursue in a plea agreement. *See also Santobello*

*v. New York*, 404 U.S. 257, 262 (1971) ("The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done.").

The defendant parses the Connecticut criminal statutes for assault and animal cruelty in an effort to show that it is not plausible that Nappe lacked probable cause to prosecute Cafasso. (ECF No. 12 at 8–10.) Whether the statutes differ, however, is irrelevant under the facts as alleged by the plaintiff. Regardless of how unrelated the two crimes may be, because of the State's agreement, the defendant did not have probable cause to initiate the second criminal case.

## IV.     Conclusion

For the reasons discussed above, the defendant's Motion to Dismiss (ECF No. 19) is DENIED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                April 5, 2016